UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LISA BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 10-075-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Lisa Bowman ("Bowman" or "the Claimant") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 9, 10] Bowman argues that the Commissioner erred in finding that she is not disabled. In relevant part, Bowman asserts that the Administrative Law Judge ("ALJ") assigned to conduct the administrative hearing either ignored or did not give adequate weight the opinion of her treating physicians. Further, Bowman argues that the ALJ did not properly consider combined effects of her impairments or the "durational requirements" of the ability to perform substantial gainful activity. Instead, she contends that the ALJ merely considered her ability to find a job and perform it. Bowman seeks to have this matter remanded for an award of benefits or further factual findings on the issues raised in her summary judgment motion.

The Commissioner disagrees with each of the Claimant's arguments. Through his motion for summary judgment, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. Having reviewed the administrative record and having considered the parties' arguments, the Court agrees with the position taken by the Commissioner. Accordingly, the Commissioner's motion for summary judgment will be granted and the relief requested by Bowman will be denied.

**I.**

On November 28, 2006, Bowman filed applications for disability insurance benefits under Title II and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. She alleged a disability beginning March 23, 2006. [Tr., p. 111] Bowman's claims were denied initially and upon reconsideration. [Tr., pp. 72-85] Thereafter, an administrative hearing was held by video teleconference before ALJ Don C. Paris on July 2, 2008. Bowman appeared at the hearing along with her attorney, Roger Riggs, and a vocational expert ("VE"), Joyce Forrest. [Tr., pp. 27-62] In a decision dated January 9, 2009, ALJ Paris found that Bowman had a number of physical and mental impairments, but was capable of performing a range of light work subject to several limitations. [Tr., pp. 21-24] As a result of this finding, the ALJ concluded that Bowman was not entitled to disability insurance benefits or supplemental security income. [Tr., pp. 25-26]

Bowman request for review of the ALJ's decision by the Appeals Council was denied on January 29, 2009. [Tr., pp. 2-4] This action was timely filed following this final administrative determination.

**II.**

Bowman was forty-three years old at the time of the administrative hearing before the ALJ. [Tr., p. 32] She has a high school education and work experience as a cashier, laboratory aide, sales clerk, claims auditor, and data entry operator. [Tr., pp. 34-37, 56-57] Bowman claims that she became disabled as of March 23, 2006, as a result of a number of impairments including: obesity, major depressive disorder, status post lumbar surgeries, poorly controlled diabetes, cervical thoracic degenerative disc disease, cervical pain, and right ulnar neuropathy. The ALJ found these impairments to be severe. [Tr., p. 19] However, after reviewing all medical evidence and considering Bowman's age, education and work experience, he concluded that the Claimant retained the residual functional capacity ("RFC") to perform a modified range of light work. In making this determination, the ALJ considered the testimony of the vocational expert concerning jobs in the national and regional economies that Bowman was found capable of performing even in light of her restrictions. [Tr., pp.24-26]

In reaching his decision, the ALJ specifically addressed the nature and effect of the Claimant's impairments on her ability to perform light work, with restrictions. Additionally, the ALJ considered Bowman's testimony and found it to be inconsistent and contradictory when compared with other evidence in the record. As a result, the ALJ found that Bowman was not a credible witness. [Tr., p. 24] Further, and as discussed more fully below, ALJ Paris Lawrence specifically considered all medical reports of the Claimant's treating physicians. [Tr., pp. 22-23]

**III.**

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). In the present case, the Court's analysis proceeds through all five steps.

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b). Second, the claimant must show that she suffers from a severe impairment. 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual functional capacity and relevant past

work to determine whether she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g); 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir.

2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

## IV.

In her motion for summary judgment, Bowman assert that the Commissioner's decision should be reversed for five reasons. The second enumerated reason (whether the ALJ gave an adequate reason for refusing to accept the opinions of the treating physician) is related to the first (whether the ALJ met the required standard of giving appropriate weight to the opinion of the treating physician). Additionally, Bowman contends that the ALJ failed to consider the combined effects of her impairments (issues three and five) as well as the durational requirements of performing substantial gainful activity (issue four).

### A. The Opinions of Bowman's Treating Physicians

A treating source's opinion as to the nature and severity of a claimant's impairments will be given controlling weight provided it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Rogers*, 486 F.3d at 242 (internal quotation omitted) (alteration in original). If the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must give "good reasons" for his decision. *Id.* These reasons must be "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's

medical opinion and the reasons for that weight.'" *Id.* (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5).

In the present case, the Court finds the Claimant's first and second arguments to be misplaced because the ALJ fully considered the records and opinions of Bowman's treating physicians and explained the weight given to each one. Contrary to her attorney's claims, the ALJ did not refuse to give weight or adequate consideration to any of these reports. Instead, the record reflects that the ALJ considered:

- following lumbar surgery in November 2003, the Claimant was reported as doing extremely well with no significant discomfort [Tr., p. 277]

- examining physician Rami Kahwash, M.D., reported that, in January 2007, the Claimant had normal gate/station, normal neurological findings, straight leg rais tests, and reduced cervical and lumbar range of motion, but no motor deficits, paraspinal spasm, or evidence of nerve root compression [Tr., 227-28];

- Dr. Kahwash's opinion that the Claimant had only moderate restrictions in her ability to lift, carry, stand, walk, climb, balance, stoop, crouch, kneel, or crawl and no restrictions in sitting, reaching, handling, feeling, pushing, pulling, seeing, hearing, speaking, or traveling [Tr., pp. 228-229];

- the opinion of examining psychologist Stuart Cooke, Ph.D., that the Claimant had a good ability to relate to others and understand, retain, follow instructions when taking prescribed medications, and a fair ability to sustain attention, perform simple, repetitive tasks, and tolerate the stress of daily work [Tr., p. 224]

- evidence that, in April 2007, the Claimant reported back pain but denied any numbness, tingling, weakness, lower extremity discomfort, or difficulty tolerating activities [Tr., p. 290];

- the report of a certified nurse practitioner, Stephanie Mercier, that the Claimant had intact sensation, normal reflexes, and good strength and dexterity in her upper and lower extremities [Tr., p. 290];

- the Claimant's statement that the medication she was taking for depression was working quite well [Tr., p. 287]

As the Commissioner correctly points out, the only medical evidence cited by Bowman in support of this argument is the treatment record from Dr. Zia dated November 16, 2005. However, she fails to explain how this record was ignored by the ALJ.[1] Instead, it appears that the limitations noted by Dr. Zia were incorporated into the limitations found by the ALJ.

Likewise, the ALJ specifically provided reasons for refusing to accept Bowman's testimony regarding the extent of her disability. As the ALJ noted in his decision,

> The claimant's statements and allegations have been inconsistent and contradictory. At her hearing, she stated that she could sit and stand for no more than 5 minutes without having to stand, yet she also testified that she rode in a car without stopping for 45 minutes to get to the hearing. In two questionnaires, she

---

1 The ALJ addresses Dr. Zia's records in his opinion. He specifically notes as follows:

Records from June of 2005 from Amir Zia, M.D. state his impression of a herniated disc at C5-6. An EMG of the claimant's upper extremities in July of 2005 found chronic denervation of C6 dermatome and right ulnar neuropathy, motor predominant. Dr. Amir further notes in September of 2005 that the claimant had tried cervical traction (Exhibit 1F).

[Tr., pp. 22-23] And as the Commissioner points out in his motion for summary judgment, to the extent that Bowman's attorney intended to refer to treatment notes indicating a restriction on lifting, he has failed to establish that the RFC does not include the restriction.

> stated that she cleans, does laundry, washes dishes in a dishwasher, vacuums, sweeps, and dusts, but at her hearing she testified that she does almost none of these things. The claimant has stated that she stopped working to care for her mother, or that she stopped working when she moved and was unable to find work, and she has continued to seek employment since the alleged onset date (Exhibits 2F, 2E).
>
> The claimant has provided minimal medical evidence of the treatment and diagnoses she describes, and she testified that she has not sought mental health treatment except for prescriptions from her family practitioner since she moved to Nicholasville. No treating physician has stated that the claimant is disabled. The Administrative Law Judge's conclusion that the claimant is not disabled is further supported by the State agency medical consultants. As those of non-examining physicians, their opinions are not entitled to controlling weight, but must be considered and weighed as those of highly-qualified physicians and psychologists who also are experts in the evaluation of the medical issues in disability claims under the Social Security Act (Social Security Ruling 96-6p).

[Tr., p. 24] With respect to the weight given to Bowman's testimony, the Court notes that the ALJ is charged with the responsibility of observing the demeanor and credibility of witnesses – including the claimant. *Bradley v. Sec'y of Health and Human Servs*, 862 F.2d 1224, 1227 (6th Cir. 1988) (*citing Kirk v. Sec'y of Health and Human Servs*, 667 F.2d 524, 538 (6th Cir. 1981)). Therefore, his conclusions regarding credibility should be highly regarded. *Id*. Here, the ALJ provided sufficiently detailed reasons for the determination that Bowman's testimony was not entirely are not credible.

In summary, Bowman has not identified any treating physician's report that was ignored or given improper weight or consideration by the ALJ. Instead, the ALJ fully considered all relevant medical and other evidence in concluding that the Claimant had the residual functional capacity to perform light work, subject to identified limitations. In light of the objective medical evidence in the record, this decision is supported by substantial evidence.

### B. Combined Effect of Impairments

Bowman also argues that the ALJ did not consider the cumulative effect of her impairments. [Record No. 9] The ALJ is required to consider the combined effect of all the claimant's impairments in determining whether the claimant is disabled. 20 C.F.R. § 404.1523; 20 C.F.R. 416.923. The Sixth Circuit has held that "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (citing *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987)).

ALJ Paris made a specific finding that Bowman "does not have an impairment *or combination of impairments* that meets or medically equals one of the listed impairments" in the applicable regulations. [Tr., p. 19 (emphasis added)] He also made multiple references in his decision to Bowman's "impairments" (plural) and discussed each impairment in detail. [Tr., p. 19-23] For example, with respect the effect of Bowman's obesity on her other impairments, the ALJ properly noted that,

> The undersigned has given consideration to the fact that obesity can cause limitation of function. An individual may have limitations in any of the exertional functions such as standing, walking, lifting, etc. It also may affect ability to do postural functions such as climbing, stooping, kneeling or crawling. The ability to manipulate may be affected by the presence of fatty tissue in the hands and fingers. The functions likely to be limited depend upon many factors, including where the excess weight is carried.
>
> In the evaluation of the claimant's obesity as a severe impairment, consideration had been given to all the foregoing factors during my sequential evaluation at

Step 3, Step 4 and Step 5, and the undersigned has given consideration to Social Security Ruling 02-1p, which supersedes Social Security Ruling 00-3p.

Further, as noted by the Commissioner, the Claimant's counsel fails to explain how the combined effects of Bowman's impairments resulted in any limitation in excess of his RFC. Accordingly, the Court finds this argument also to be without merit.

### C. Ability to Hold a Job for a Significant Period of Time

Finally, Bowman cites, *Gatliff v. Comm'r of Soc. Sec.*, 172 F.3d 690 (9th Cir. 1999), for the proposition that "substantial gainful activity means more than merely the ability to find a job and physically perform same. It also requires the ability to hold the job for a significant period of time." [Record No. 9, p. 5] She complains that the ALJ erred in failing to consider this case. However, this Court has considered *Gatliff* on a number of occasions and repeatedly rejected any suggestion of a separate durational requirement. *See Durham v. Astrue*, No. 09-202-DCR, 2010 U.S. Dist. LEXIS 15382, at *16-*17 (E.D. Ky., Feb. 22, 2010); *Johnson v. Astrue*, No. 08-298-JBC, 2009 U.S. Dist. LEXIS 71516, at *7-*8 (E.D. Ky. Aug. 10, 2009); *Wilder v. Astrue*, No. 08-108-KSF, 2009 U.S. Dist. LEXIS 20170, at *18 (E.D. Ky. Mar. 12, 2009); *Garland v. Astrue*, No. 07-181-DLB, 2008 U.S. Dist. LEXIS 45270, at *16 (E.D. Ky. June 10, 2008). Instead, the Court assumes that "[i]mplicit in the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of maintaining employment." *Garland*, 2008 U.S. Dist. LEXIS 45270, at *16. Thus, the RFC set out in ALJ Paris' decision reflected his determination of the type of work Bowman could perform for a significant period of time. *See id.*

**V.**

Bowman suffers from a number of mental and medical impairments. However, the Commissioner has correctly concluded based on substantial evidence that those impairments, either alone or in combination, are not severe enough to warrant an award of Supplemental Security Income or disability insurance benefits. Viewing the record as a whole, substantial evidence supports the Commissioner's determination that Bowman is not disabled as that term is defined under the Social Security Act. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Lisa Bowman's Motion for Summary Judgment [Record No. 9] is **DENIED**;

(2) Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 14th day of October, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge